# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA GAIL NELSON o/b/o<br>M.K.N.B,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>              Defendant. | CASE NO. 10-4001 (JNE/TNL)<br><br>**REPORT & RECOMMENDATION** |

Laura Hammargren and Peter W. Carter, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for Plaintiff;

Lonnie F. Bryan, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion for Attorneys' Fees (Docket No. 28). Defendant opposes the motion. The matter has been referred to the undersigned for the issuance of a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1. Based upon the record and memoranda, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees (Docket No. 28) be **GRANTED IN PART**, **DENIED IN PART**, and Plaintiff be awarded $5,250.00 in reasonable attorney fees.

## II.  BACKGROUND

Plaintiff commenced this *pro se* action for Judicial Review of Decision of the Commissioner of Social Security (Docket No. 1) on behalf of her minor child. Plaintiff sought review of the Commissioner's denial of benefits based on the ALJ's finding that the funds paid to Plaintiff, to be used on behalf of her minor child, were misapplied.  In conjunction with filing a Complaint in this matter, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2). This Application was granted (Docket No. 3), and Plaintiff was referred to the Minnesota Chapter of the Federal Bar Association (FBA), which "operates a program of volunteer lawyers who donate their time to assist unrepresented individuals." Docket No. 4. "The program is called the FBA *Pro Se* Project." *Id.*

Plaintiff elected to participate in the FBA *Pro Se* Project and retained the representation of Laura Hammargren and Peter W. Carter of the Dorsey & Whitney LLP law firm. *See* Decl. Hammargren, at Ex. A, Oct. 21, 2011; Docket No. 31-1 (Dorsey & Whitney LLP Pro Bono Authorization and Retainer Agreement).

After the administrative record was filed, Plaintiff filed her Motion for Summary Judgment (Docket No. 11). In Plaintiff's Brief in Support of Plaintiff's Motion for Summary Judgment, Plaintiff "request[ed] that the Court reverse the determination that the past-due benefits were misapplied and allow her to administer the full amount of those benefits for her [minor child]." Pl.'s Br. at 1, Feb. 8, 2011; *see also id.* at 19. Defendant reviewed the record and was granted two extensions of time to file Defendant's response. *See* Docket No. 15, 18. Thereafter, Defendant filed Defendant's

Motion for Remand (Docket No. 20). Defendant determined that the administrative record was deficient and that "[r]emand [was] necessary to obtain evidence of what happened with the money that was withdrawn from the dedicated account; evaluate the credibility of the person making the withdrawal(s) and other witnesses; and determine if the withdrawal was misused or knowingly misapplied, and if so, whether Plaintiff . . . should be required to repay the funds." Plaintiff opposed voluntary remand as proposed by Defendant, and rested on her Motion for Summary Judgment.

This Court issued a Report and Recommendation (Docket No. 23), recommending that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for remand be granted. On September 21, 2011, Order Adopting Report and Recommendation (Docket No. 26) was entered. The Order denied Plaintiff's Motion for Summary Judgment, granted Defendants' Motion for Remand (Docket No. 20), and remanded this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Judgment was entered in this matter on September 21, 2011. *See* Docket No. 27.

Plaintiff brings the present motion seeking an order awarding attorney fees in the amount of $10,850 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The $10,850 accounts for 62 hours of attorney time at the rate of $175.00 per hour. The 62 hours can be approximately reduced to the following categories of attorney activity: Plaintiff's counsel spent 26.7 hours conducting legal research (1/18/11, 1/19/11, 1/20/11, 1/21/11, 1/23/11, 1/24/11, 1/26/11, 1/27/11, 1/28/11, 2/2/11, 5/2/11); Plaintiff's counsel spent 29.8 hours drafting briefs (1/19/11, 1/25/11, 1/28/11, 1/30/11, 1/31/11,

2/1/11, 2/7/11, 2/8/11, 5/23/11, 9/16/11); Plaintiff's counsel spent 3.9 hours reviewing the administrative record and court orders (1/18/11, 9/9/11); and Plaintiff's counsel spent 1.6 hours communicating with Plaintiff and opposing counsel (2/6/11, 3/18/11, 4/1/11, 4/29/11). Decl. Hammargren, at Ex. 2; Docket No. 31-2. Plaintiff requests that the attorney fees award be remitted directly to her attorneys, Dorsey & Whitney LLP, pursuant to the retainer agreement between Plaintiff and counsel. Defendant opposes the motion.

## III.   DISCUSSION

Plaintiff contends that she is the prevailing party under the EAJA; the Defendant's litigation position was not substantially justified; and the amount of attorneys' fees sought is reasonable. Defendant opposes Plaintiff's motion, arguing that Plaintiff is not an "eligible party" under 28 U.S.C. § 2412(d)(1)(B); the present action should be analyzed under 28 U.S.C. § 2412(b); fees cannot be paid directly to a law firm, pursuant to *Astrue v. Ratliff*, __U.S.__, __, 130 S. Ct. 2521, 2525 (2010); and the fees incurred were unreasonable. Defendant proposes reduced fees in the amount of $5,250. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

Plaintiff states that the Commissioner should pay fees under 28 U.S.C. § 2412(d)(1)(A) "to encourage the Commissioner to fully review and consider all appeals of benefit determinations at every stage of agency review and at every stage of federal litigation, even when those appeals are made by pro se litigants." Pl.'s Mem. at 7, Oct. 21, 2011. Defendant cites this statement and contends that Plaintiff is seeking attorney fees as a punitive measure and therefore, Plaintiff's claim comes under 28 U.S.C.

§ 2412(b). This Court has limited its analysis to those factors contained within § 2412(d)(1)(A), which is the appropriate analysis for the motion.

Under the 28 U.S.C. § 2412(d)(1)(A),

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under the statute, a "party" is someone who does not cross certain net worth thresholds. *Id.* at ¶ 2412(d)(2)(B). "'[P]revailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." *Ratliff*, __ U.S. at__, 130 S. Ct. at 2525. "[F]ees and other expenses" include "reasonable attorney fees," calculated at a statutory rate, unless the court determines that a higher rate is justified. 28 U.S.C. § 2412(d)(2)(A). "The court, in its discretion, may reduce the amount to be awarded . . . or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." *Id.* at § 2412(d)(1)(C). Pro bono representation "does not preclude an award of fees under the EAJA." *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984).

In the present action, Plaintiff meets the "party" requirements by virtue of her *in forma pauperis* status. This status was reviewed by the Court and granted at the commencement of this litigation. No separate submission in support of this assertion was necessary unless there was a substantial change in circumstances.

In the present action, remand was ordered under sentence four of 405(g) and judgment was entered. Plaintiffs are always considered "prevailing parties" on remands under sentence four of § 405(g). *Schaefer*, 509 U.S. at 300, 113 S. Ct. at 2631.

Plaintiff satisfied her burden of alleging that the government's position is not substantially justified. "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant. . . . The burden of establishing 'that the position of the United States was substantially justified,' § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government." *Scarborough v. Prin*cipi, 541 U.S. 401, 414-415, 124 S. Ct. 1856, 1865 (2004). Defendant makes no argument in opposition to this allegation and thus, this point is conceded.

In the present case, an award of $10,850 would be too high.

First, the rate sought by Plaintiff is high and to that extent is inappropriate.[1] Counsel requested a billing rate of $175 per hour, when the statutory rate is $125 per hour. 28 U.S.C. § 2412(d)(2)(A). The statutory rate can be adjusted for cost of living, but the decision to increase the statutorily prescribe hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989). Although, "consistent hourly fee awards" across a district is ordinary and preferred, *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990), and other Courts in this district have recognized a fee of $175.00 per hour, *see, e.g.*, *Kirchner v. Astrue*, No. 10–

---

[1] It should be recognized that the ordinary, non-pro bono fees charged by highly respected counsel, such as Mr. Carter and Ms. Hammargren, would be substantially higher than the hourly rate claimed by Plaintiff; for the reasons below, however, the hourly rate and aggregate amount are too high in the context of this case.

3263 (PAM/LIB), 2011 WL 6122283, *4 (D. Minn. Nov. 21, 2011), an increase of the statutory rate still requires "proper proof." *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988). In the present case, Plaintiff made no showing to justify a cost-of-living increase of $50 per hour.

Second, in the present action, counsel's hours spent working—62 hours—stands in comparison to the practice norms in this area. *See, e.g.*, *Bergstrom v. Astrue*, Civil No. 110-4911 (SRN/JJG), 2011 WL 4436167, at *2 (D. Minn. Sept. 14, 2011) ("The number of hours, 38.9, nears the upper limit for even complex cases . . . ."). In the present action there were unusual legal issues that required more research than the typical case and this Court is cognizant of the fact that Plaintiff's counsel was somewhat newer to this area of practice. Nevertheless, approximately 29.8 hours for drafting a social security summary judgment brief and reply—separate from the legal research involved in the drafting process—is high. Furthermore, there appears to have been some duplication of effort. *See Hensley*, 461 U.S. 434, 429, 103 S.Ct. 1933, 1939-40 (1983) (stating that counsel should exclude fees in EAJA cases that would otherwise be excluded in private practice).

Third, while Plaintiff's counsel no doubt worked diligently on the present action, the efforts of Plaintiff's counsel have a lower correlation to Plaintiff's status as the "prevailing party" in this matter. *See Hensley*, 461 U.S. at 434-36, 103 S. Ct. at 1940-41.

In light of these facts, Defendant recommends that this Court award Plaintiff $5,250.00 for 30 hours of work. Defendant's recommendation is reasonable and just. "The amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937. Therefore, this Court adopts the

recommendation of Defendant and concludes that 42 hours of work, at $125.00 per hour, or $5,250.00, is a reasonable fee for this matter.

Finally, Defendant is correct: Fees are awarded to the "prevailing party" and not the prevailing party's law firm. *Ratliff*, __ U.S. at__, 130 S. Ct. at 2525. The assignment of any fees between Plaintiff and Plaintiff's counsel is a contract issue over which this Court does not have jurisdiction. Therefore, payment to Plaintiff rather than Plaintiff's counsel is appropriate.

## IV. RECOMMENDATION

Based upon the record and memoranda, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Attorneys' Fees (Docket No. 28) be **GRANTED IN PART** and **DENIED IN PART** in that:

1. Plaintiff be awarded $5,250.00 in reasonable attorney fees payable by Defendant; and

2. Plaintiff's motion be denied in all other respects.


Dated: December 23, 2011

                                               *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               for the District of Minnesota


Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 6, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and

Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.